USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  12/10/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| -against- | 1:20-cr-213 (MKV) |
| PRINCE GAINES, | ORDER |
| Defendant. | |

MARY KAY VYSKOCIL, United States District Judge:

On March 26, 2021, Defendant Prince Gaines pled guilty to possession of a firearm during a narcotics conspiracy in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 2, [ECF No. 147], and he was mandatorily detained pending sentencing pursuant to 18. U.S.C. § 3143(a)(2). After a series of adjournments, Mr. Gaines' sentencing was scheduled for December 15, 2021. [ECF Nos. 185, 208, 212]. On December 7, 2021, the Court received a letter on behalf of Mr. Gaines requesting a further adjournment because his mother had passed away on December 3, 2021. [ECF No. 238]. That letter also requested the Court grant Mr. Gaines "temporary bail" to attend his mother's viewing. The Court adjourned the sentencing and directed Mr. Gaines to file a supplemental letter that explained the legal authority to be granted temporary release, and requested additional information with respect to the requested release. [ECF No. 239]. Thereafter, Mr. Gaines filed a renewed letter motion seeking temporary release pursuant to 18 U.S.C. § 3145(c) to attend his mother's wake and funeral on December 13, 2021. Def. Letter at 1-2.[1] The Court then directed the Government to respond to the request [ECF No. 241]. The

---

[1] That letter also cites 18 U.S.C. § 3622(a)(2) as additional authority for release. That provision does not give this Court the authority to release an incarcerated defendant pending sentencing. *See United States v. Belfiore*, 15-cr-00242 (JFB), 2020 U.S. Dist. LEXIS 97973, at *6 (E.D.N.Y. June 3, 2020) ("§ 3622 vests the Bureau of Prisons with the authority to grant a furlough, not the sentencing court.").

Government subsequently filed a letter opposing temporary release in this case. [ECF No. 242] ("Gov. Letter").

Mr. Gaines is subject to mandatory detention pursuant to 18 U.S.C. § 3143(a)(2) because he has pled guilty to an offense for which the maximum term of imprisonment exceeds ten years. *See* 18 U.S.C. § 924(c)(1)(A)(i). 18 U.S.C. § 3145(c) however provides that a "person subject to detention pursuant to [18 U.S.C. §] 3143(a)(2) . . . and who meets the conditions of release set forth in [18 U.S.C. §] 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145(c). 18 U.S.C. § 3143(a)(1) in turn provides that detention is mandatory unless the Court "finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released."

In sum, Mr. Gaines may be released, under appropriate conditions, if he establishes that he "is not likely to flee or pose a danger to the safety of any other person or the community if released," and that "there are exceptional reasons why his detention would not be appropriate." 18 U.S.C. 3143(a)(1), 3145(c).

Mr. Gaines seeks temporary release to attend his mother's wake, funeral, and mass on December 13, 2021. Def. Letter at 1. Thereafter, Mr. Gaines would attend a family gathering in the Bronx. Def. Letter at 1. Mr. Gaines proposes that he be released to the custody of his girlfriend and her mother from 9:00am that day until 7:00pm that same day. Def. Letter at 1. In total, Mr. Gaines seeks to be released from custody for ten hours. Def. Letter at 2. The wake and funeral would take place in the Bronx, New York, approximately twenty-two miles from where Mr. Gaines is currently incarcerated at the Essex County Jail in New Jersey. Def. Letter at 1-2.

The Government opposes the request because Mr. Gaines' "dangerousness and flight risk is apparent." Gov. Letter at 2. The letter notes the acts of violence Mr. Gaines has committed in connection with this case. Gov. Letter at 2. The Government also believes that the conditions of release proposed by Mr. Gaines would be insufficient to ensure the safety of the community. Gov. Letter at 3.

The Court has reviewed the submissions carefully, and regretfully concludes that temporary release in this case would not be appropriate. Mr. Gaines does not explain where the mass will be held in his request for attendance. As to the family gathering, release would send Mr. Gaines to the heart of the neighborhood where the DTO gang operates. Further, Mr. Gaines faces a mandatory five-year minimum sentence. [ECF No. 205 at 2]. At bottom, there is not clear and convincing evidence from which the Court can find that Mr. Gaines will not be a danger to the community or a flight risk.

The Court again expresses its deepest condolences to Mr. Gaines. The Clerk of the Court respectfully is requested to terminate the letter motion at ECF No. 240.

**SO ORDERED.**

Date:  December 10, 2021
       New York, NY

MARY KAY VYSKOCIL
United States District Judge